UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PHILIP A. TURNEY, an individual; BILLY RAY BARTLETT, an individual; MICHAEL A. McCALL, an individual; and REUBEN J. CORTES, an individual, <br><br> KENNETH MICHAEL WORKMAN, an individual, and RAY MARVIN NICHOLS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> HENRY ATENCIO, et al., <br><br> Defendants. | Case No. 1:18-cv-00001-BLW (Lead) <br>    1:18-cv-00097-BLW <br>    1:18-cv-00099-BLW <br>    1:18-cv-00100-BLW <br>    1:16-cv-00309-BLW <br>    (Members) <br><br> **ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PHASE 1 SCHEDULING ORDER** |

Pending before the Court are several motions filed by the parties in the lead and member cases. Having reviewed the motions and the entirety of the record, the Court enters the following Order.

## BACKGROUND

On July 8, 2016, Plaintiffs Workman and Nichols filed their pro se lawsuit asserting that the Idaho Department of Correction ("IDOC") and its contract medical provider Corizon Health Care, Inc. ("Corizon") were not providing constitutionally

**ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND PHASE 1 SCHEDULING ORDER - 1**

adequate Hepatitis C treatment. Plaintiffs alleged that, while Hepatitis C can now be cured with a costly new drug—a non-interferon direct-action antiviral medication ("DAA")—IDOC/Corizon policy is to treat only the prisoners with severe symptoms. Plaintiffs asserted that prison officials instead should treat all prisoners infected with Hepatitis C to prevent their symptoms from becoming severe. Workman and Nichols sought only injunctive and declaratory relief in their original pro se Complaint.

Workman developed liver cirrhosis. He has since been treated and essentially cured of Hepatitis C. Defendants' pending summary judgment motion asserts that Workman's claims are now moot because he has been cured.

On January 3, 2018, Plaintiffs Philip A. Turney, Billy Ray Bartlett, Michael A. Hall, and Reuben J. Cortes ("*Turney* plaintiffs") filed a similar Hepatitis C Complaint in Case No. 1:18-cv-00001-BLW, *Turney v. Atencio*. (Dkt. 11.) The Court has since consolidated Workman and Nichol's action into the *Turney* action. (Dkt. 94.)

## REVIEW OF PENDING MOTIONS

1. **Standards of Law**

    *A.  Summary Judgment*

    Summary judgment is appropriate where a party can show that, as to a particular claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record or show that the adverse party is unable to produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A) & (B). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

### B. Mootness

Article III of the Constitution requires that "federal courts confine themselves to deciding actual cases and controversies." *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128 (9th Cir. 2005). In addition, "Article III requires that a live controversy persist throughout all stages of the litigation." *Id*. at 1128–29 (quoting *Burke v. Barnes*, 479 U.S. 361, 363 (1987)). The test for mootness is whether the court can give the plaintiff any effective relief if he is victorious; "[t]hat is, whether the court can 'undo' the effects of the alleged wrongdoing." *Reimers v. Oregon*, 863 F.2d 630, 632 (9th Cir. 1989).

Claims that are capable of repetition, yet may continue to evade review can be an exception to the mootness doctrine. To qualify for this exception, a litigant must show that "(1) the challenged action is too short in duration to be fully litigated prior to its expiration, and (2) there is a reasonable expectation that the injury will occur again." *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995) (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam)).

### 2. Relevant Facts and Discussion

Defendants filed a dispositive motion seeking dismissal of only Plaintiff Workman's claims. In addition, Defendants asserted that they have not provided the court-ordered supplemental disclosures to Plaintiffs yet because they need clarification

from the Court about what to provide. (Defendants' Notice, Dkt. 51, p. 4.) Through counsel, Plaintiff Workman has opposed summary judgment by asserting that (1) he needs to conduct additional discovery to be able to fully respond; and (2) he intends to amend his Complaint to assert a claim for monetary damages, which would not be mooted by Workman's successful Hepatitis C treatment.

In the original pro se Complaint, Plaintiffs Workman and Nichols sought only injunctive and declaratory relief; neither sought damages. The injunctive and declaratory relief requested included: (1) an order for defendants to timely provide the most effective up-to-date medication to cure Hepatitis C, and (2) an order for defendants to formulate and implement a Hepatitis C treatment policy and practice that meets the community standard of care for the plaintiffs. Plaintiffs also sought declaratory relief that the current Hepatitis C policy violates the Eighth Amendment. (Dkt. 5, p. 10.)

The following evidence is undisputed. In April 2018, Defendants discovered that Plaintiff Workman had liver cirrhosis. Workman received Epclusa, a non-interferon direct-action antiviral treatment, between May 10, 2018, and August 1, 2018. After treatment, Workman's Hepatitis C viral load has been non-detectable, meaning that he is essentially cured of Hepatitis C. (Haggard Decl., Dkt. 42-3; Plaintiff's Reply, Dkt. 49, n.19.)

Workman's injunctive and declaratory relief claims are moot because the Court cannot order a remedy for Hepatitis C if Workman no longer has that condition. Plaintiff has made no persuasive argument that he will be re-infected, and it is reasonable to

assume that Plaintiff Workman will make every effort to avoid becoming re-infected, such as staying away from injection of illegal drugs and sexual activity while in prison. Therefore, Plaintiff Workman's original injunctive relief claims do not qualify for the capable-of-repetition-but-escaping-review exception, but are, in fact, moot.

However, Workman's proposed amended monetary damages claim based on permanent liver damage that occurred before receiving his curative treatment are *not* moot, and Workman will be granted leave to amend the original Complaint to assert them. In the District of Idaho, the Court regularly re-opens discovery in pro se cases when an attorney is appointed or retained on a case midstream. This equitable policy allows the new attorney to re-evaluate and amend deficient pro se pleadings, if necessary, to "even the playing field" where the other parties have enjoyed legal representation from the start of the case. Here, Defendants still owe Plaintiff Workman disclosures, which, when received, might play into new counsel's decisionmaking on whether or how to amend Workman's pleadings.

3. **Conclusion**

For the foregoing reasons, Defendants' Motion for Summary Judgment based on mootness will be granted as to Workman's injunctive and declaratory relief claims, but denied as to anticipated damages claims.

**CASE MANAGEMENT PLAN**

Counsel for the parties, Mr. Nichols (pro se plaintiff), and the staff attorney assigned to this case held a case management conference on Tuesday, January 22, 2019,

at which time (1) Mr. Nichols indicated that he intends to voluntarily dismiss all of his claims; and (2) counsel decided upon a phase 1 case management plan aimed at clarifying and streamlining this litigation in an effort to put it on a fast track toward resolution. The Court has reviewed the case management plan and will adopt it for the first phase of this litigation—which is determining the status of the current IDOC/Corizon Hepatitis C screening policy and its implementation.

Within 21 days after entry of this Order, Defendants will disclose all relevant documents and information about the current IDOC/Corizon screening policy to Plaintiffs' counsel.

Within 21 days after disclosure, the parties may seek additional items from each other via a request (letter) for disclosure if, in their opinion, the duty to disclose should have included additional items or information.

The parties may seek the help of the staff attorney if they cannot resolve disclosure disputes among themselves.

Plaintiffs agree to withdraw their pending motions for summary judgment, temporary restraining order/preliminary injunction relief, and class action certification, without prejudice to refiling them.

After reviewing the disclosures, counsel and the staff attorney will meet again to determine (1) whether current screening for Hepatitis C is sufficient, such that it is now a non-issue; (2) whether any other issues can be narrowed before Plaintiffs amend their complaint and class action status is reconsidered; and (3) a phase 2 case management

plan. Counsel also are encouraged to use their best efforts to narrow the issues among themselves, if possible.

## ORDER

**IT IS ORDERED:**

1. Defendants' Motion for Summary Judgment (Dkt. 42 in Member Case No. 1:16-cv-00309-BLW) is GRANTED in part and DENIED in part, to the extent set forth above.

2. The Court approves, and the parties shall follow, the case management plan they have developed, as set forth above. Counsel may adjust the disclosure deadlines over the next 60 days, as needed, so long as the adjustments are reasonable and aimed at keeping this case on a fast track toward resolution. Counsel shall notify the Court of any adjustments by filing a notice.

3. Mr. Nichols shall file a motion to or notice of voluntary dismissal within 7 days. Otherwise, his claims will be dismissed without prejudice.

DATED: January 29, 2019

B. Lynn Winmill
U.S. District Court Judge